IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00800-MSK-KLM

SAMUEL GRADY PUTNAM, JR.,

    Plaintiff,

v.

TELETECH HOLDINGS, a Delaware corporation, and
TELETECH GOVERNMENT SOLUTIONS, LLC., a Colorado limited liability company,

    Defendants.
_____

**OPINION AND ORDER GRANTING MOTION TO STAY**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Stay **(# 52)**, to which no responsive papers have been filed. The relief requested in that motion implicates several other pending motions, namely, the Defendants' Motion to Dismiss and for a More Definite Statement **(# 36)**; the Plaintiff's Motion to Modify **(# 37)** a Protective Order; and the Defendants' Motion for Contempt **(# 44)**.

The Court previously denied **(# 27)** the Defendants' Motion to Compel Arbitration **(# 11)**. The Defendants filed a timely interlocutory appeal **(# 41)** from that denial, pursuant to 9 U.S.C. § 16(a)(1)(C). The Defendants then filed a motion to stay (# **52)** in this Court, seeking to stay all further proceedings in this case, pending disposition of the appeal. The Plaintiff did not respond to that motion.

The Defendants are correct that a non-frivolous interlocutory appeal divests the District Court of jurisdiction to "proceed on the merits of the underlying claim." *McCauley v.*

*Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005). The divestment of jurisdiction runs not only to proceedings involving the merits, but as to all non-dispositive matters, including disputes as to amendment of the pleading and discovery. *Hardin v. First Cash Financial Services, Inc.*, 465 F.3d 470, 474 n. 2 (10th Cir. 2006). As a result, the Court is divested of jurisdiction not only over the merits of the Plaintiff's claims, but over the Defendants' pending motions to dismiss and for contempt, and over the Plaintiff's motion to amend as well. For that reason, and in the absence of opposition from the Plaintiff, the Defendants' Motion to Stay is granted.

It appearing that resolution of the Defendants' appeal will be long-delayed as the parties attempt mediation, this Court finds that, for administrative purposes, it is appropriate to deny the remaining pending motions without prejudice. They may be refiled, if necessary, once appellate proceedings have been concluded and the stay lifted .

Accordingly, the Defendants' Motion to Stay **(# 52)** is **GRANTED**. This case is **STAYED** for all purposes, pending resolution of the Defendants' pending interlocutory appeal. Should this Court's ruling be affirmed, in part or whole, the parties shall move within 5 days of the issuance of the 10th Circuit's Mandate to lift the stay. The Defendants' Motion to Dismiss and

for a More Definite Statement **(# 36)**; the Plaintiff's Motion to Modify **(# 37)** a Protective Order; and the Defendants' Motion for Contempt **(# 44)** are all **DENIED WITHOUT PREJUDICE**, subject to refiling, if necessary, upon the lifting of the stay in this case.

Dated this 14th day of February, 2008

BY THE COURT:

Marcia S. Krieger
United States District Judge